```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
TERRELL JAMES,                           :
                                         :
                    Plaintiff,           :    18cv1777(DLC)
       -v-                               :
                                         :    ORDER
CUNY/JOHN JAY COLLEGE, DONALD V. GRAY,   :
Director, Office of Legal Counsel, JOHN  :
JAY COLLEGE, NEIL STEWART, ANTHONY       :
BRACCO, Director of Facilities at John   :
JAY COLLEGE, ANNE GOON, Administrative   :
Superintendent RAJENDRA SINGH, Director  :
of Human Resources,                      :
                                         :
                    Defendants.          :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On September 9, 2019, the Court of Appeals vacated an Order of November 20, 2018 and remanded this case so that this Court may clarify the ground for dismissing the plaintiff's amended complaint and, if necessary, decide the defendants' motion to dismiss on the merits. The mandate from the Court of Appeals issued on September 30, 2019.

The plaintiff attempted to file the original complaint in this action on February 27, 2018, and effectively filed the complaint on March 5. Although the plaintiff was required to serve the complaint no later than June 3 pursuant to Rule 4(m), Fed. R. Civ. P., the first request for a summons was not made until June 22.

The plaintiff also attempted to file an amended complaint on June 22. That filing was rejected on June 25, and the plaintiff effectively filed an amended complaint on July 6.

On July 13, more than 130 days after the plaintiff filed the original complaint, the plaintiff requested an extension of the deadline to serve the defendants. An Order of July 19, 2018 denied the request for failure to show good cause but noted that the parties would have an opportunity to address the timeliness of the filings following service of the amended complaint on the defendants. On September 10, the plaintiff filed an unopposed request to deem service of the amended complaint timely. An endorsement of September 10 granted the plaintiff's request.

On October 10, the defendants filed a motion to dismiss the amended complaint. An Order of October 11 required the plaintiff to file any second amended complaint or opposition to the motion by November 2. On November 5, three days after the deadline set forth in the October 11 Order, the plaintiff requested by letter a one-week extension of the deadline to file a second amended complaint, to November 9. The plaintiff's November 5 letter cited unspecified problems using the PACER system. It did not attach evidence of such problems or correspondence with the Court's ECF Help Desk. The plaintiff's request was granted on November 13. That endorsement directed

plaintiff's counsel to reach out to the ECF Help Desk to learn how to timely file submissions.

On November 20, no second amended complaint had yet been filed. Accordingly, an Order of November 20 dismissed the complaint. While the November 20 Order referred to the defendants' pending motion to dismiss, the Court made clear on November 21 that the November 20 Order dismissed the complaint pursuant to Rule 41(b), Fed. R. Civ. P., due to the plaintiff's failure to prosecute this action and his repeated failure to comply with this Court's orders. See Baptiste v. Sommers, 768 F.3d 212, 216-17 (2d Cir. 2014).

On November 21, the plaintiff sought reinstatement of the suit, rescission of the November 20 Order dismissing the amended complaint, and leave to file a second amended complaint nunc pro tunc. An endorsement of November 21 denied that request and explained the basis for the November 20 dismissal of the second amended complaint.

Although the plaintiff had sought to begin the action on February 27, 2018, due to his neglect and failure to comply with court orders, as of November 20 little progress had been made in the case. Since July 19, 2018, the plaintiff was on notice that the Court was aware of his failure to diligently prosecute the action and that those failures might result in dismissal of the action. The delays in the proceedings caused by the plaintiff

3

necessarily burdened the defendants and the Court. The Court had given the plaintiff extensions, but those extensions did not result in the timely filing of the second amended complaint. Given this history of neglect of the case and failure to follow court orders, no sanction less drastic than dismissal is appropriate.

It is hereby

ORDERED that this action is dismissed pursuant to Rule 41(b), Fed. R. Civ. P.

Dated: New York, New York
November 12, 2019

_____
DENISE COTE
United States District Judge