```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
TERRELL JAMES,                            :
                                          :
                Plaintiff,                :      18cv1777 (DLC)
                                          :
           -v-                            :      Memorandum Opinion
                                          :           and Order
CUNY/JOHN JAY COLLEGE, DONALD V. GRAY,    :
Director, Office of Legal Counsel, John   :
Jay College, NEIL STEWART, ANTHONY        :
BRACCO, RAJENDRA SINGH, and ANNE GOON,    :
                                          :
                Defendants.               :
                                          :
-----------------------------------------X
```

DENISE COTE, District Judge:

Terrell James, represented by attorney Lennox Hinds, attempted to file this action on February 27, 2018. In the months that followed, Mr. Hinds failed to follow court procedures and to timely respond to court orders. Ultimately, on November 20, 2018, the action was dismissed for the plaintiff's failure to prosecute the action. On November 21, Mr. Hinds requested that the case be reinstated. The Court denied the request.

Plaintiff filed a notice of appeal on December 3, 2018.[1]

---

[1] While the appeal in this matter was pending, plaintiff -- again represented by Mr. Hinds -- filed a substantially identical lawsuit in this district ("James II"). An Opinion of April 20, 2020 largely granted the defendants' motions to dismiss in James II. James v. John Jay Coll., 2020 WL 1911211, at *1 (S.D.N.Y. Apr. 20, 2020). As of the date of this Order, the parties are

On remand from the Court of Appeals, this Court explained in detail on November 12, 2019 why the action had been dismissed. It described the plaintiff's failure to diligently prosecute this matter and once again dismissed the action. James v. Cuny/John Jay Coll., 2019 WL 5887364, at *1 (S.D.N.Y. Nov. 12, 2019).  No appeal of the Order was taken.

On October 15, 2020, nearly a year after that decision was entered, the plaintiff, now proceeding pro se, filed a motion to vacate the November 12, 2019 dismissal pursuant to Rule 60(b), Fed. R. Civ. P.[2]  The October 15 motion places the responsibility for the failure to prosecute this action at the feet of James's counsel, Mr. Hinds.  James asserts that Mr. Hinds withheld information and misled him about the status of this action.  For instance, Mr. Hinds did not inform him of the November 2018 dismissal until December of that year, and Mr. Hinds mischaracterized the basis of the November 2018 dismissal.  The plaintiff asserts that he did not learn of Mr. Hinds's neglect until "more than a full year" after the November 2018 dismissal.

There are several impediments to granting this application. Ordinarily, a party is bound by the decisions made by his or her

---

conducting discovery regarding the surviving claims in James II. Mr. Hinds continues to represent the plaintiff in James II.

[2] Plaintiff acknowledges in his declaration in support of his motion that an unnamed attorney assisted him in the preparation of his October 15 motion.

counsel, including that attorney's mistakes.  Hoodho v. Holder, 558 F.3d 184, 192 (2d Cir. 2009).  Second, this application seeks in essence to excuse the failure to file a timely appeal of the November 12, 2019 dismissal of the action.  The time limits to take an appeal that this motion seeks to bypass are strictly enforced.  United States v. Bradley, 882 F.3d 390, 392 (2d Cir. 2018) (citation omitted) ("[T]he time limits of FRAP Rule 4(a)(1) are jurisdictional because these limits were also imposed by Congressional statute -- 28 U.S.C. § 2107.").

Finally, Rule 60 does not provide the relief that plaintiff seeks.  The plaintiff requests that this action be reinstated so that he may again press his claims with the assistance of new counsel.

As is relevant to this petition, Rule 60(b) permits a court to

> relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1)  mistake, inadvertence, surprise, or excusable neglect; . . . [or]
>
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.  Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2009) (citation omitted).

3

"[C]ourts are generally reluctant to recognize attorney error as a basis for relief from an order or judgment." Gomez v. City of New York, 805 F.3d 419, 423 (2d Cir. 2015); see also Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004). The Second Circuit has "recognized as bases for Rule 60(b) relief an attorney's disappearance or mental illness where the party tried diligently to contact his or her attorney." Gomez, 805 F.3d at 424 (citation omitted).

The plaintiff has not shown that his counsel's neglect rises to the level required for vacatur of the November 2019 dismissal. The Court will not disturb a judgment that was rendered almost a year ago absent exceptional circumstances. The plaintiff's motion does not described such circumstances.

## Conclusion

The plaintiff's October 15, 2020 motion pursuant to Rule 60 is denied.

SO ORDERED:

Dated:   New York, New York
         October 21, 2020

_____
DENISE COTE
United States District Judge